IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PHYLLIS JUNE BURRIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-CV-225-MJT-CLS |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB, not individually but solely | § | |
| as Trustee for Finance of America Structured | § | |
| Securities, FINANCE OF AMERICA | § | |
| REVERSE LLC, and FINANCE OF | § | |
| AMERICA STRUCTURED SECURITIES | § | |
| AQUISITION TRUST 2018-HB1 | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72. Pending before the court are Plaintiff's motion to maintain a temporary restraining order ("TRO") granted in state court (doc. #8) and Plaintiff's request for a preliminary injunction (doc. #2 at 7). After a hearing and review of the record, the undersigned recommends denying both requests.

I. **Background**

On June 3, 2024, Plaintiff filed suit in state court seeking, among other things, a TRO and preliminary injunction stopping the non-judicial foreclosure sale on a property at 3738 Chandelle Lane, Port Arthur, Texas. (Doc. #2.) Judge Baylor Wortham granted Plaintiff's request for a 14-

day TRO on June 4, 2024. (Doc. #1 at 19-20.) On June 10, 2024, Defendant Wilmington removed the case to federal court. (*Id.*) The undersigned set a hearing for June 25, 2024, on Plaintiff's request for a preliminary injunction. (Doc. #3.) The morning of the hearing, Plaintiff filed a motion to extend the already expired TRO for an unspecified amount of time to obtain representation, "prepare for a federal case," and "procure funds" to hire an attorney. (Doc. #8.) The undersigned took up both the motion to extend the TRO and the request for a preliminary injunction at the hearing and will address each request in turn.

## II. Legal Standard

To be entitled to a TRO or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order.")

## III. Discussion

### A. Request to Extend the TRO

28 U.S.C. §1450 provides that when a state court action is removed to federal court "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." *See generally Spencer v. Selgas*, No. 6:21-CV-347, 2021 WL 4891018, at *1 (E.D. Tex. Sept. 28, 2021), *R&R adopted*, No.

6:21-CV-00347, 2021 WL 4887973 (E.D. Tex. Oct. 19, 2021). After the case is removed, the length of a TRO is governed by Federal Rule of Civil Procedure 65. *Id.* (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Co.*, 415 U.S. 423, 435 (1974); *Elepreneurs Holdings, LLC v. Benson*, No. 6:21-CV-347, 2021 WL 134098, at *1 (E.D. Tex. Jan. 14, 2021)). An *ex parte* TRO from a state court "remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time imposed by Rule 65(b), measured from the date of removal." *Id.* Under the Federal Rules of Civil Procedure, a TRO lasts at most 14 days, though a court may extend a TRO for good cause. FED. R. CIV. P. 65. Alternatively, a court can construe a request to extend a TRO as a request for a preliminary injunction. *Shelby v. Rowe*, No. 5:22-CV-265-BR, 2023 WL 4565975, at *1 (N.D. Tex. July 17, 2023).

On June 4, 2024, State Judge Wortham granted Plaintiff a 14-day TRO, running until June 18, 2024, the day after a scheduled state court hearing on the preliminary injunction was to take place. (Doc. #1-1 at 19-20.) Prior to that scheduled hearing, Defendant removed the case to federal court. Plaintiff filed the motion to extend the TRO on June 25, 2024. The undersigned finds Plaintiff's request to extend the TRO to be improper for two reasons. First, Defendant has cancelled its non-judicial foreclosure sale, meaning there is no sale to stop. Second, the requested extension came on the same day as a hearing for preliminary injunction. There is no good cause to extend, or rather reinstate, a TRO as Defendant has already stopped the activity in question and the court is ready address the merits of a preliminary injunction. The court should, therefore, deny Plaintiff's motion to extend the TRO (doc. #8).

B. <u>Request for a Preliminary Injunction</u>

The party seeking a preliminary injunction bears the burden of establishing all four elements. *VanDerStok v. BlackHawk Mfg. Grp. Inc.*, 639 F. Supp. 3d 722, 727 (N.D. Tex. 2022). Here, the undersigned finds that Plaintiff has not shown (1) that there is a foreclosure pending for which an irreparable injury could occur or (2) there is a substantial likelihood that she will prevail on the merits. In fact, her current claims appeared to be barred as *res judicata* by a prior case in the Eastern District of Texas (Civ. No. 1:19-cv-160) and a probate case in Texas state court. (Doc. #7-1.) The undersigned has allowed Plaintiff time to respond to Defendant's argument regarding *res judicata* but while Plaintiff asserts she can win on her claims, she has not offered any evidence to meet her burden of substantial likelihood of success on the merits. Accordingly, the court should deny Plaintiff's request for a preliminary injunction.

### IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion to extend the temporary restraining order (doc. #8) be **DENIED**, and Plaintiff's request for a preliminary injunction be **DENIED**.

### V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 25th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE