| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

PHYLLIS JUNE BURRIS, §
§
    *Plaintiff*, §
§
*versus* §
§
§ CIVIL ACTION NO. 1:24-CV-225
WILMINGTON SAVINGS FUND §
SOCIETY, FSB, not Individually but solely §
as Trustee for Finance of America §
Structured Securities Acquisition Trust §
2018-HB1, *et al.*, §
§
    *Defendants*. §

## MEMORANDUM AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On November 5, 2024, the magistrate judge issued a Report and Recommendation (#45) with the following conclusions and recommendations: (1) Defendant Wilmington Savings Fund Society, FSB's, not Individually but solely as Trustee for Finance of America Structured Securities Acquisition Trust 2018-HB1, Motion for Summary Judgment (#29) should be **GRANTED** on the grounds of *res judicata*, (2) Plaintiff Phyllis June Burris's Motion for Sumarry [sic] Judgment (#39) should be **DENIED**, (3) Defendant's Motion to Declare Plaintiff Phyllis June Burris as a Vexatious Litigant (#19) should be **GRANTED** and that Plaintiff and

anyone acting at her behest should be **ENJOINED** from filing any future lawsuits concerning the Note, the Deed of Trust, or foreclosure of the real property at 3738 Chandelle Lane, Port Arthur, Texas 77642 (the "Property") in any Texas state court, or any federal district or bankruptcy court, without obtaining consent from the relevant court to do so, and (4) Plaintiff's Response & Counterclaim to Wilmington Savings Fund Society, FSB's Motion to Declare Plaintiff Phyllis June Burris as a Vexatious Litigant (#21) should be **DENIED**.

### I.   Plaintiff Phyllis June Burris's Objections (#47) to the Report and Recommendation (#45) are overruled

On November 19, 2024, Plaintiff Phyllis June Burris filed timely objections (#47) to the Report and Recommendation (#45). A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Although Plaintiff filed written objections (#47) in a timely manner, she failed to specify the places in the Report and Recommendation (#45) where the disputed determinations can be found. Plaintiff mainly restates arguments concerning the underlying Texas probate matter from

2

her response to Defendant's Motion for Summary Judgment. (#38 at 1–5, 15–16.) She also mistakenly "asks the Magistrate [Judge] [to] reconsider her findings in said report." (#47 at 1.) Nonetheless, the district court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation (#45) to which Plaintiff has discernably objected.

### A. Plaintiff's Objections

Plaintiff's objections suggest that the magistrate judge improperly granted summary judgment and declared her a vexatious litigant.

#### 1. Plaintiff's "objections" regarding the underlying Texas probate matter

Much of Plaintiff's "objections" are simply reargument over the underlying Texas state probate matter. (#47 at 2, 4–7.) That litigation concluded on October 21, 2019, when the probate court granted summary judgment and entered final judgment in Defendants' favor, entitling them to "enforce [their] statutory probate lien against the interests of [Plaintiff] in the Property through non-judicial foreclosure of the property." (#45 at 4) (citation omitted.) Plaintiff did not appeal.[1] (*Id.*) (citation omitted.) The magistrate judge recommended granting Defendant's Motion for Summary Judgment (#29) on the grounds of *res judicata*, to which Plaintiff has raised no objections. (#47.) For the reasons outlined in the magistrate judge's report (#45 at 12–14, 17–19), these objections are overruled.

---

[1] Plaintiff objects that Defendant's "response to [her] that she was supposed to appeal the summary judgment in probate court after the summary judgment was issued is moot." (#47 at 2.) But the fact that Plaintiff did not appeal the probate court's judgment rendered that judgment final, and therefore relevant for Defendants to demonstrate the elements of *res judicata*. This objection is overruled.

3

### *2. The magistrate judge's alleged procedural errors*

Plaintiff raises several objections to what the court construes as procedural errors allegedly committed by the magistrate judge. (#47 at 3.) First, Plaintiff claims that "[t]he Magistrate Judge did not follow the law when she instructed the defense attorney to go ahead and file the foreclosure on December 3, 2024[,] before the case had been adjudicated by the District Court, in her efforts to manipulate the outcome of the case. As well as, to keep the plaintiff from filing an appeal." (*Id.*) She adds that the magistrate judge demonstrated prejudice against her "throughout the hearings and orders," such as "order[ing] the [d]efense attorneys to file a summary judgment in order to dispose of this case" and "coaching the defense attorneys to plead their case as the Magistrate Judge was prosecuting the case for the [d]efense." (*Id.*)

Defendants raised the affirmative defense of *res judicata* in their answer. (#5 at 4.) Given Plaintiff's litigation history concerning Defendants' attempted foreclosure sales of the Property (#45 at 2–10), the magistrate judge correctly determined that Defendants' "affirmative defense[] should be decided on an expedited basis and ordered Defendants to file a motion for summary judgment." *Trigg v. Wiginton*, No. 3:10-CV-1962-B-BN, 2013 WL 230365, at *2 (N.D. Tex. Jan. 2, 2013), *R & R adopted*, No. 3:10-CV-1962-B-BN, 2013 WL 238918 (N.D. Tex. Jan. 18, 2013). The magistrate judge accordingly followed the spirit and letter of the law in reaching her recommendations. The parties availed themselves of the opportunities to file, brief, and respond to the four pending motions in this case. (#19, #21, #25, #29, #38, #39, #40, #43.) They were also afforded the opportunity to be heard at the October 16, 2024, evidentiary hearing on their cross-motions to declare the other vexatious. (#41.) Upon review of the report, the magistrate judge dutifully and impartially considered the arguments and evidence of the

parties. (#45.) After the magistrate judge advise her of her right to file objections, the court is now considering Plaintiff's objections. (#47.)

Nowhere has the magistrate judge instructed Defendants to foreclose on the Property or "manipulate[d]" the case. Indeed, Plaintiff referenced the Defendants' already-filed notice of the December 3, 2024, foreclosure sale of the Property in one of her filings before the magistrate judge even issued the report. (#43 at 3.) Nor are Plaintiff's appellate rights infringed, in any way, by the report. (#45.) These objections are overruled.

Plaintiff also objects to the magistrate judge "[e]xcluding evidence which should have been included under the rules of evidence in summary judgment." (#47 at 3.) Plaintiff does not explain what this supposed evidence is or when it was purportedly excluded. The court will not consider "[f]rivolous, conclusive or general objections." *Nettles*, 677 F.2d at 410 n.8. Plaintiff also alleges that the magistrate judge "did not follow proper procedure to conduct a hearing when combining the vexatious and frivolous hearings with the temporary restraining order continuance."[2] (#47 at 3.) On June 25, 2024, the magistrate judge held a hearing on Plaintiff's request for a preliminary injunction and motion to extend the temporary restraining order. (#12.) The court adopted the magistrate judge's report and recommendation (#10), and denied Plaintiff's request on July 22, 2024. (#16.) The magistrate judge held a hearing on the parties' cross-motions to declare the other vexatious (#19, #21) on October 16, 2024 (#41), and issued the relevant report (#45) on November 5, 2024. Because the magistrate judge held two, separate hearings on these issues, this baseless objection is overruled.

---

[2] Plaintiff cites to 28 U.S.C. § 1927 in apparent support of this objection. (#47 at 3.) This statute does not exist. Plaintiff also claims, without any explanation as to how it relates to her lawsuit, that the magistrate judge "allow[ed] a case to proceed that was properly time-barred because the statute of limitations is four years." (*Id.*) The court need not address such a "[f]rivolous, conclusive [and] general objection[]." *Nettles*, 677 F.2d at 410 n.8.

5

### 3. Defendant's Motion for Foreclosure and Trustee Sale Auction

Plaintiff objects that the court "should deny the Defendant's motion for foreclosure and trustee sale action on December 3, 2024." (#47 at 1.) Defendants have never filed such a motion in this lawsuit. This objection is overruled.

### 4. The magistrate judge improperly declared Plaintiff a vexatious litigant

Finally, Plaintiff lodges several objections to the magistrate judge's recommendation that she be declared a vexatious litigant. (#19.) She first appears to contest the magistrate judge's finding that her litigation history—the first factor in the inquiry—qualifies her as a vexatious litigant. (#47 at 2.) Plaintiff claims that her "lawsuits have remained within the court system for the last six years because she has continued to meet the burden of proof raising genuine issues of material facts or disputes to allow the case to move forward to obtain discovery and setting the case for a jury trial, under Federal of Civil Procedure 56 or to appeal." (*Id.*)

The magistrate judge succinctly summarized the outcomes of Plaintiff's five bankruptcy proceedings: "three dismissed for failure to file documents as required under the Bankruptcy Code, even after the respective courts issued notice thereof, two dismissed with prejudice, two pre-filing injunctions entered, and one order preventing an automatic stay from being applied to the Property in any subsequent bankruptcy case for 365 day." (#45 at 20.) The magistrate judge also explained that Plaintiff's first federal lawsuit resulted in summary judgment for the defendants on *res judicata* grounds and that the second was dismissed for Plaintiff's failure to comply with the court's scheduled deadlines pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 21) (citation omitted.) This objection is overruled.[3]

---

[3] Plaintiff similarly objects that "all the prior cases cited by or listed by the Defendants in probate, bankruptcy or any state or federal courts can cite [sic] one case where the Plaintiff filed a frivolous case or was vexatious." (#47

6

Plaintiff then self-contradictorily claims that the magistrate judge errored "by overruling other judge's decisions in various courts by stating the Plaintiff was engaged in vexatious or frivolous conduct when no court ruled [that] she engaged in such conduct." (#47 at 7.) This would make it appear as though other courts have found Plaintiff *not* vexatious. In the third bankruptcy proceeding, however, the court entered its pre-filing injunction against Plaintiff "to prevent an abuse of the protections offered by the Bankruptcy Code." (#45 at 20) (citation omitted). Additionally, in the fifth bankruptcy proceeding, the court pointedly found that Plaintiff's "multiple prior bankruptcy cases affecting the Property [were] 'part of a scheme to delay or hinder' Defendant's foreclosure sale." (*Id.* at 21) (citation omitted.) This objection is overruled.

Lastly, Plaintiff objects that the magistrate judge "does not have jurisdiction to rule on such matters in other courts." (#47 at 7.) The court construes this objection as a challenge to the court's authority to enter a pre-filing injunction against her in both Texas state and federal courts. The court agrees with the magistrate judge that it is "widely accepted that federal courts possess power under the All Writs Act[, 28 U.S.C. § 1651(a),] to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002), *reh'g denied*, 48 F. App'x 919 (5th Cir. 2002), *cert. denied sub nom. Fleming & Assocs., L.L.P. v. Fastow*, 537 U.S. 1191 (2003). After independent review, the court concurs with the magistrate judge that Plaintiff, or anyone acting on her behalf, should be enjoined from filing any lawsuit concerning

---

at 7.) As the magistrate judge properly determined, Plaintiff's "litigation history leaves no doubt that she qualifies as a vexatious litigant who has abused the judicial system." (#45 at 20) (internal quotation marks and citation omitted.)

7

the Property in any Texas state court or federal district and bankuptcy court. This objection is overruled.

### B. Plaintiff's Objections Are Overruled

The court has conducted a *de novo* review of Plaintiff's objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiff's objections (#47) are **OVERRULED**. The Report and Recommendation of the United States Magistrate Judge (#45) is **ADOPTED** as to Defendant's Motion for Summary Judgment (#29) and Motion to Declare Plaintiff Phyllis June Burris as a Vexatious Litigant (#19), as well as Plaintiff's Motion for Sumarry [sic] Judgment (#39) and Response & Counterclaim to Wilmington Savings Fund Society, FSB's Motion to Declare Plaintiff Phyllis June Burris as a Vexatious Litigant (#21).

## II.   Conclusion and Order

For the foregoing reasons, Plaintiff Phyllis June Burris's objections (#47) are **OVERRULED**. Accordingly, the Report and Recommendation of the United States Magistrate Judge (#45) is **ADOPTED** in full.

Defendant Wilmington Savings Fund Society, FSB's, not Individually but solely as Trustee for Finance of America Structured Securities Acquisition Trust 2018-HB1, Motion for Summary Judgment (#29) is **GRANTED** on the grounds of *res judicata*. Plaintiff Phyllis June Burris's Motion for Sumarry [sic] Judgment (#39) is **DENIED**.

Defendant Wilmington Savings Fund Society, FSB's, not Individually but solely as Trustee for Finance of America Structured Securities Acquisition Trust 2018-HB1, Motion to Declare Plaintiff Phyllis June Burris as a Vexatious Litigant (#19) is also **GRANTED.** It is **ORDERED** that Plaintiff Phyllis June Burris and anyone acting at her behest are **ENJOINED**

from filing any future lawsuits concerning the Note, the Deed of Trust, or foreclosure of the Property at 3738 Chandelle Lane, Port Arthur, Texas 77642 (the "Property") in any Texas state court, or any federal district or bankruptcy court, without first obtaining consent from the relevant court to do so.  It is also **ORDERED** that when seeking the relevant court's consent, Plaintiff Phyllis June Burris and anyone acting at her behest must provide a copy of the magistrate judge's Report and Recommendation (#45) and the instant Memorandum and Order Adopting the Report and Recommendation of the United States Magistrate Judge.  Finally, Plaintiff Phyllis June Burris's Response & Counterclaim to Wilmington Savings Fund Society, FSB's Motion to Declare Plaintiff Phyllis June Burris as a Vexatious Litigant (#21) is **DENIED**.

SIGNED at Beaumont, Texas, this 22nd day of November, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE